UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-107-KSF

KENNETH RAY PENNINGTON                                                    PLAINTIFF

vs.                           **OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                           DEFENDANT

\* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's Motion for Summary Judgment to reverse the decision of the Commissioner denying benefits [DE 11] and Defendant's Motion for Summary Judgment to affirm that decision [DE 12]. Having been fully briefed, these motions are ripe for review.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed an application for a period of disability and disability insurance benefits on August 24, 2007, alleging disability beginning February 1,2005. [Tr. 111-118]. Plaintiff filed a prior application on May 31, 2005, which was heard and denied by the same Administrative Law Judge on November 1, 2006. [Tr. 76-83]. Plaintiff admits this earlier application "was not pursued further." [DE 11-1, p. 1].

Mr. Pennington was fifty-six years old when his recent application for disability was denied. [Tr. 32]. He has a seventh grade education and has past relevant work as a short-haul truck driver. [Tr. 32,126]. He claims disability due to his "back and nerves" and that he "could not get along with anybody." [Tr. 125]. The ALJ found the following severe impairments: "limited intellectual functioning, affective and personality disorders, obesity, hypertension, varicose veins, mild right

hearing loss, right shoulder bursitis, a history of plantar fasciitis, right calcaneal spur, and mild degenerative joint disease of the lumbar spine with low back strain." [Tr. 21].

During the prior proceeding, the ALJ made findings of fact and determined the claimant had residual functional capacity for a range of work involving medium exertion. [Tr. 80]. The VE testified that a person with such an RFC "could perform the claimant's past work as a coal truck driver." [Tr. 81]. The ALJ's decision on the present application states that these findings and determination are "controlling in subsequent, unadjudicated periods, unless there is new and material evidence or a showing of 'changed circumstances.'" [Tr. 18]. The ALJ found "no good cause for reopening the prior application." [*Id.*]. He further stated that he considered all the evidence of record and did not find "any evidence of significant physical or psychological deterioration since the prior hearing decision." [*Id*.]. Accordingly, the ALJ was "convinced that the claimant's residual functional capacity has not changed." [Tr. 19]. The determination was that the claimant had "the residual functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c), except he can perform simple instructions in work settings that require no more than occasional and casual contact with others; he can adjust to changes occasionally, but cannot perform work that requires acute hearing or where reading is an essential job element." [Tr. 23]. Another Vocational Expert considered these limitations and said Mr. Pennington would be capable of his past relevant work. [Tr. 50-53].

In this appeal, Plaintiff recites information from various medical records and then argues that the ALJ's determination of an RFC to perform medium work "is not supported by substantial evidence" in light of Mr. Pennington's allegations of disabling pain and limitations that were supported by objective medical evidence. [DE 11-1 at 6]. In his second argument, Plaintiff contends the ALJ's decision regarding an RFC for medium work is not supported by substantial evidence because the ALJ "failed to accord greater weight to the opinion of a treating physician." [*Id.* at 8].

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and whether the proper legal standards were followed. 42 U.S.C. § 405(g); *Longworth v. Commissioner Social Security Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* "Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *Her v. Commissioner of Social Security*, 203 F.3d 388, 389-90 (6th Cir. 1999). The court must review the record as a whole and take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining whether a claimant has a compensable disability under the Social Security Act, the Commissioner must follow a five-step "sequential evaluation process." 20 C.F.R. § 404.1520(a)-(e); *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). At the first step, the claimant must show he is not currently engaging in substantial gainful activity. 20 C.F.R. § 416.920(1)(4)(I); 20 C.F.R. § 404.1520(b). At the second step, the claimant must show that he suffers from a severe impairment or a combination of impairments that is severe. 20 C.F.R. § 404.1520(c). At the third step, a claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 404.1525; 20 C.F.R. § 404.1526.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). At step four, the ALJ must determine

3

whether the claimant can perform the requirements of his past relevant work. 20 C.F.R. § 404.1520(f). At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education and work experience. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(f); 20 C.F.R. § 404.1560(c).

"When the Commissioner has made a final decision concerning a clamant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Drummond v. Commissioner of Social Security*, 126 F.3d 837, 842 (6th Cir. 1997). *See also Wilson v. Califano*, 580 F.2d 208, 211 (6th Cir. 1978) ("Once the Secretary's decision denying a claim for benefits has become final, if it is not appealed to the district court pursuant to 42 U.S.C. § 405(g), it may not be reviewed by the district court as part of another subsequent decision by the Secretary.").

### B. The ALJ's Decision and the Arguments on Appeal

The record reflects that the ALJ considered all the evidence and provided sound reasons for the weight he gave to the evidence. [TR. 18-28]. The prior RFC determination is *res judicata* in the present proceeding under *Drummond,* 126 F.3d at 841, and the ALJ recognized it as such. [Tr. 18]. *See also Ealy v. Comm'r of Soc. Sec.,* 172 F. App'x 88, 90 (6th Cir. 2006). The ALJ considered all the evidence to determine if there had been a subsequent, material change of conditions and found that Pennington's condition had not changed materially. [Tr. 18].

Plaintiff does not argue in this Court that there were any changed circumstances to overcome the *res judicata* effect of the prior determination. Instead, he attacks the weight given by the ALJ to the opinions of Dr. Hoskins, Ms. Brooks and Mr. Pack and further questions the determination of his credibility by the ALJ. [DE 11-1 at 8].

First, Ms. Brooks is a nurse practitioner, which is not an "acceptable medical source" whose opinion can provide evidence to establish an impairment. 20 C.F.R. § 404.1513. *See also Howard v. Astrue*, 2008 WL 1023908 at *5 (E.D. Ky. 2008). The ALJ considered the medical source

4

statement from Ms. Brooks and correctly accorded it little weight. [Tr. 26]. The ALJ also noted that her assessment was not supported by clinical or objective findings. [*Id.*].

The ALJ also considered Plaintiff's mental consultative examination in September 2007. [Tr. 207-211]. Although reportedly anxious and depressed, Plaintiff acknowledged many activities of daily living, including shopping, cooking, cleaning and driving. [Tr. 209]. He also admitted passing the time by talking with family. [*Id.*]. Mr. Pack was not a treating physician as Plaintiff appears to claim. Instead, Mr. Pack saw Plaintiff for a one-time consultative mental examination in September 2007 9Tr. 207-211]. Mr. Pack noted that Plaintiff was talkative and pleasant during the examination. [Tr. 207, 209]. Mr. Pack found Plaintiff had a fair to good prognosis for independent functioning and encouraged him to seek regular mental health treatment. [Tr. 211]. Ms. Brooks saw Plaintiff in 2008 and early 2009 and noted no psychological symptoms. [Tr. 466-493]. While Plaintiff was voluntarily hospitalized in January 2008 for a medication adjustment to address his depression, his subsequent GAF score indicated a fairly quick rebound. [Tr. 256-297]. The ALJ noted that Plaintiff's mental condition was severe at isolated periods, but it would stabilize at a moderate level when medicated. [Tr. 26]. Moreover, the agency consultants reviewed the evidence in 2007 and again in 2008 and determined that Plaintiff could perform simple tasks in an object focused setting with no more than routine changes in work settings. [Tr. 226-229, 360-362].

The ALJ specifically considered Dr. Hoskins' opinion and noted:

> [T]he claimant demonstrated no discomfort sitting in a chair, and no difficulty sitting or moving from the chair to the examination table and back. Normal gait, normal ability to heel, toe and tandem walk, with negative straight less raises were also documented, all of which are inconsistent with and negate Dr. Hoskins' assessment of redicular leg symptoms." In October 2007, Dr. Bradley Davis's consultative examination findings were equally benign.

[Tr. 25]. The ALJ specifically accorded "some weight to Dr. Hoskins' admittedly vague assessment as a middle ground between Dr. Davis's normal examination and Mr. [sic] Brooks overstated limitations."

Plaintiff's own statements refute a finding of total disability and serve to undermine his credibility. Plaintiff drove in March 2009 to Dr. Dye to obtain a Medical Examination Report for his Commercial Driver's License. He told Dr. Dye at that time that he had no history of any trouble health-wise. [Tr. 543-555]. The only limitation he noted was some hearing loss. This evidence contradicts Plaintiff's allegation of disabling limitations from February 2005 and provides evidence that he is able to perform his past relevant work as identified by the VE.

Plaintiff had the burden of proving he was disabled. *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). Overall, the ALJ's decision reflects that the evidence was evaluated in totality and in detail. The ALJ's findings were supported by substantial evidence and must be affirmed.

### III. CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS**:

1. Plaintiff's Motion for Summary Judgment [DE 11] is **DENIED.**

2. The Commissioner's Motion for Summary Judgment [DE 12] is **GRANTED** and the decision of the Commissioner is **AFFIRMED** pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards.

3. Judgment consistent with this Opinion will be entered contemporaneously herewith.

4. **THIS ACTION IS DISMISSED AND SHALL BE STRICKEN FROM THE ACTIVE DOCKET**.

This October 28, 2010.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**